FILED

AUG 1 6 2022

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY　　ᴳᴳⱽ　　DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROL NAYOMI LARA,<br><br>　　　　Defendant. | Case No. 21cr-3334-H<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
|---|---|

　　WHEREAS, in the Information the United States sought forfeiture of all right, title, and interest in specific properties of Defendant CAROL NAYOMI LARA ("Defendant"), pursuant to 31 U.S.C. § 5332(a) and (b) as properties involved in the violation of 31 U.S.C. § 5332 (b)(2), as charged in the Information; and

　　WHEREAS, on or about June 8, 2022, Defendant pled guilty before U.S. Magistrate Judge Karen S. Crawford to the Information, which plea included consent to the forfeiture allegations of the Information, including forfeiture of the following:

　　1.　$326,663.00 in United States Currency; and
　　2.　2021 Mercedes GLC300 bearing California license plate number 8UPR203; and

　　WHEREAS, on June 23, 2022, this Court accepted the guilty plea of Defendant; and

//

1     WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture
2 addendum, the Court finds that the United States has established the requisite nexus
3 between the forfeited properties and the offense; and

4     WHEREAS, by virtue of said guilty plea, the United States is now entitled to
5 possession of the above-referenced properties, pursuant to 31 U.S.C. § 5332 (b)(2)
6 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

7     WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
8 authority to take custody of the above-referenced properties which are hereby found
9 forfeitable by the Court; and

10     WHEREAS, the United States, having submitted the Order herein to the
11 Defendant through her attorney of record, to review, and no objections having been
12 received;

13     Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

14     1.     Based upon the guilty plea of the Defendant, the United States is hereby
15 authorized to take custody and control of the following assets, and all right, title and
16 interest of Defendant CAROL NAYOMI LARA in the following properties are
17 hereby forfeited to the United States pursuant to 31 U.S.C. §5332 for disposition in
18 accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    1.     $326,663.00 in United States Currency; and
    2.     2021 Mercedes GLC300 bearing California license plate number 8UPR203.

21     2.     The aforementioned forfeited assets are to be held by United States
22 Customs and Border Protection ("CBP") in its secure custody and control.

23     3.     Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized
24 to begin proceedings consistent with any statutory requirements pertaining to
25 ancillary hearings and rights of third parties. The Court shall conduct ancillary
26 proceedings as the Court deems appropriate only upon the receipt of timely third-
27 party petitions filed with the Court and served upon the United States. The Court
28 //

may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4.  Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6.  The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.  Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the above-referenced assets, in which all interests will be addressed.

//
//
//

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: 8/16/2022

_____
Hon. Marilyn L. Huff
United States District Judge